## ALLEN, Collector of Internal Revenue, v. MORSMAN.

### No. 8938.

Circuit Court of Appeals, Eighth Circuit.

Feb. 17, 1931.

John H. Pigg, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Charles E. Sandall, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., both of Omaha, Neb. and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellant.

E. M. Morsman, 3d, of Omaha, Neb., for appellee.

Before KENYON and BOOTH, Circuit Judges, and REEVES, District Judge.

KENYON, Circuit Judge.

This action was brought by appellee against the collector of internal revenue at Omaha, Neb., to recover $6.65, with interest, claimed to have been illegally collected by appellant as a part of an income tax for the taxable year 1928. Appellee was trustee of funds and property under the terms of a certain instrument of July 9, 1926, the income of which was to accumulate for a period of five years, and thereafter during the existence of the trust the income was to be distributed to certain beneficiaries. The trust instrument is not before us.

The petition charged that appellee as trustee filed an income tax return for the year 1928 covering net income of $3,922.50 from the property of which he was trustee, which showed the normal tax to be $26.60, on which appellee claimed a credit of $6.65, being 25 per centum of the tax on earned net income; that this was disallowed; that under duress he paid said sum, and now seeks to recover it back. The case was submitted to the trial court on demurrer to the petition, which was overruled. Appellant stood thereon, and judgment was entered in favor of appellee. The amount is small, but the principle involved is important and far-reaching.

The action arises under section 31 of the Revenue Act of 1928 (45 Stat. c. 852, p.

791, 804 [26 USCA § 2031]), which provides in part as follows:

"Sec. 31. * * *

"(1) 'Earned income' means wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered. * * *

"(2) 'Earned income deductions' means such deductions as are allowed by section 23 for the purpose of computing net income, and are properly allocable to or chargeable against earned income.

"(3) 'Earned net income' means the excess of the amount of the earned income over the sum of the earned income deductions. If the taxpayer's net income is not more than $5,000, his entire net income shall be considered to be earned net income, and if his net income is more than $5,000, his earned net income shall not be considered to be less than $5,000. In no case shall the earned net income be considered to be more than $30,000.

"(b) Allowance of Credit. In the case of an individual the tax shall be credited with 25 per centum of the amount of tax which would be payable if his earned net income constituted his entire net income; but in no case shall the credit allowed under this subsection exceed 25 per centum of his normal tax plus 25 per centum of the surtax which would be payable if his earned net income constituted his entire net income. This credit shall be in addition to all other credits against the tax."

The question at issue is whether under subdivision (b) of said section 31 appellee was entitled to deduct the $6.65 as a credit on the tax upon earned net income.

The intent of the statute originally, as appears from the report of the Ways and Means Committee (Report No. 179, 68th Congress), was to take care of the small taxpayer, "such as the farmer and the merchant, whose income is derived in part from personal services and in part from capital." It is evident that earned income is not necessarily wages, salaries, or professional fees, but any amount of income up to $5,000 is to be considered as the taxpayer's earned income, regardless of the source from which it may arise. The phrase, therefore, "earned net income," is something of a misnomer. Subdivision (b) of section 31 (26 USCA § 2031(b) allows this 25 per centum credit on the tax in the case of an individual.

Appellant claims that the tax is one against the trust estate, and that a trust is not an individual.

Appellee, conceding that the act allows a credit on the tax on earned income only to individuals, insists that the tax is against the trustee and that the trustee is an individual. It is necessary to set out some of the provisions of the Revenue Act of 1928 (45 Stat. 791), which we do in note hereto.[1]

Appellee's contention is that a fiduciary who pays an income tax on income received by him as trustee is an individual within the meaning of section 31(b) of the Revenue Act of 1928 (26 USCA § 2031(b), that the Revenue Act separates individuals and corporations in its taxing scheme, and that a fiduciary must be the one or the other, and hence must be an individual. The term "fiduciary" under section 701 of the act (26 USCA § 2701) includes a trustee, guardian, etc., "or any person acting in any fiduciary capacity for any

[1] Sec. 4. Special Classes of Taxpayers.

The application of the General Provisions and of Supplements A to D, inclusive, to each of the following special classes of taxpayers, shall be subject to the exceptions and additional provisions found in the Supplement applicable to such class, as follows:

(a) Estates and trusts and the beneficiaries thereof—Supplement E. (26 USCA § 2004.)

Sec. 161. Imposition of tax.

(a) Application of tax.—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including— * * *

(b) Computation and payment.—The tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary, except as provided in section 166 (relating to revocable trusts) and section 167 (relating to income for benefit of the grantor). For return made by beneficiary, see section 143. (26 USCA § 2161.)

Sec. 162. Net Income.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

(a) There shall be allowed as a deduction, etc. (26 USCA § 2162.)

Sec. 163. Credits Against Net Income.

(a) Credits of estate or trust. For the purpose of the normal tax the estate or trust shall be allowed the same personal exemption as is allowed to a single person under section 25 (c). * * * (26 USCA § 2163.)

Sec. 701. Definitions.

(a) When used in this Act—

(1) The term 'person' means an individual, a trust or estate, a partnership, or a corporation. * * *

(5) The term 'fiduciary' means a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person. * * *

(13) The term 'taxpayer' means any person subject to a tax imposed by this Act. (26 USCA § 2701.)

Sec. 143. Fiduciary Returns.

(a) Requirement of return.—Every fiduciary (except a receiver appointed by authority of law in possession of part only of the property of an individual) shall make under oath a return for any of the following individuals, estates, or trusts for which he acts, stating specifically the items of gross income thereof and the deductions and credits allowed under this title— * * *

(c) Law applicable to fiduciaries.—Any fiduciary required to make a return under this title shall be subject to all the provisions of law which apply to individuals. (26 USCA § 2143.)

person." "Person" under the same section means "an individual, a trust or estate, a partnership, or a corporation." So a fiduciary may be a corporation or a partnership. The contention that a fiduciary must be an individual is unsound—it may be an individual or it may be something else. Appellee refers to section 51 (26 USCA § 2051) as classifying fiduciaries as individuals. This section relates to individual returns·for payment of income tax. Subdivision (d) thereof does specify fiduciaries, but refers to section 143 for returns to be made by the fiduciary (26 USCA § 2143). Subdivision (c) of section 143 heretofore set out provides that the fiduciary in making returns under this title is subject to the provisions of law which apply to individuals. We are satisfied this provision relates entirely to the returns and has no bearing on the question at issue here. It is true the act separates individuals from corporations in the assessment of income taxes, but it goes further, and provides for special classes of taxpayers, among which are estates and trusts. Throughout the act the phrase "taxpayer other than a corporation" is used. Section 117 (26 USCA § 2117) uses it in connection with capital losses, and section 101 (26 USCA § 2101) in speaking of taxes in case of capital net gain. Section 4 (26 USCA § 2004) places estates and trusts in a definite and separate class of taxpayers from that of an individual. It is true that a trust under the act is a person, and a person is a taxpayer. Therefore a trust is a taxpayer, and under subdivision 3 of section 31 (a) has an earned net income, but it is to be noted that, while subdivisions (1) and (3) of section 31 (a) use the term "taxpayer," subdivision (b) in allowing the credit uses the term "individual." Section 701, defining "person," as "an individual, a trust or estate," draws a distinction between an individual and a trust. Section 143 (26 USCA § 2143) distinguishes between individuals and estates or trusts. Under section 13 of the act (26 USCA § 2013) there is imposed a tax upon the net income of every corporation. A corporation is a taxpayer, but it is not an individual. If a corporation here were the fiduciary, could it be claimed that the corporation was an individual under subdivision (b) of section 31? The logic of appellee would put him in the position of so urging.

It would have been an easy matter for Congress, if it had intended that the credit provided under subdivision (b) of section 31 should be extended to trusts or trustees, to have said so. It would have used in subdivision (b) the term "taxpayer" as it does in subdivision (a). Congress did not do so. It would appear. that the term "individual" in section 31(b), 26 USCA § 2031(b) was carefully and designedly used to carry out the purpose Congress had in mind. It is not in our power to enlarge the scope of the word "individual" so used, to cover trusts, estates, partnerships, and corporations. Why there should have been a credit for tax on earned income in case of an individual and not of a trust we do not know. It is obvious throughout the act that individuals constitute one class of taxpayers, corporations another, and estates and trusts a special class under section 4. Even if here it should be held that the trustee were an individual under section 31 (b), it would not be decisive of this case, as it must further appear that the tax was against the trustee and not against the trust. Subdivision (a) of section 161 (26 USCA § 2161(a) imposes the same tax upon the income of estates or property held in .trust. as imposed upon individuals, and provides for the tax being computed upon the net income of the estate or trust, and that it shall be paid by the fiduciary with certain exceptions not important here. He is acting in paying the tax in a fiduciary relationship, and his situation is not different from that of an executor paying the taxes against an estate. We are satisfied the tax is one imposed on the income of the trust and is not a tax imposed upon the trustee, and a trust is not an individual under section 31 (b).

Where a series of statutes have been enacted, as they have with relation to the difficult and intricate question of income taxes, an argument for almost any theory of construction can be built up under them, and courts can of course construe words and phrases therein to cover matters which Congress perhaps never had contemplated, but it is the duty of courts to construe the statutes so as to arrive at the intention of Congress, as gathered from the statutes themselves, and not to indulge in speculation as to what different phrases in a statute might possibly be held to mean. While a very persuasive argument is presented by counsel for appellee, we believe that subdivision (b) of section 31 does not cover the situation here presented, and that appellee was not entitled to take a credit of 25 per centum on the tax accruing on the net income of the trust.

If the statute were ambiguous, and we were in doubt as to the question, there are certain considerations which tend strongly to support appellant's theory. Subdivision (b)

of section 31 (26 USCA § 2031(b) is substantially the same as subdivision (b) of section 209 of the taxation statute of 1924 (43 Stat. page 264 [26 USCA § 940]). The difference which is slight is unimportant. It is also practically the same as subdivision (b), section 209, chapter 27, of the Revenue Act of 1926 (44 Stat. p. 20 [26 USCA § 940]).

The provision of the act of 1924 was the first appearance of this credit provision in the statutes. This section in each of the three Revenue Acts of 1924, 1926, and 1928 provides that the earned net income tax credit shall be allowed in the case of an individual. The Internal Revenue Bureau interpreted this provision in the act of 1924 as allowing the earned income credit only to individual taxpayers and not to estates and trusts. This ruling is as follows: "Since the earned income credit provided by section 209 of the Revenue Act of 1924 is allowed only to individual taxpayers, estates and trusts are not entitled to such credit." Internal Revenue Cumulative Bulletin IV—1, p. 14, IT—2137.

 The Treasury Department, in administering the Acts of 1924, 1926, and 1928 has followed this interpretation of the statute. Hence we are presented with a situation where the Bureau in charge of the administration of the statute has given the provision therein in question here a certain interpretation, and since that time Congress has twice re-enacted substantially the same provision. It is settled law that, where there is ambiguity in a statute, weight will be given to the interpretation and construction of the same by the Department charged with its administration, and, where the statute is re-enacted without substantial change, it amounts to a legislative recognition of such construction. We quote from National Lead Co. v. United States, 252 U. S. 140, 145, 146 and 147, 40 S. Ct. 237, 239, 64 L. Ed. 496, as follows:

"From Edwards v. Darby, 12 Wheat. 206, 6 L. Ed. 603, to Jacobs v. Prichard, 223 U. S. 200, 32 S. Ct. 289, 56 L. Ed. 405, it has been the settled law that, when uncertainty or ambiguity, such as we have here, is found in a statute, great weight will be given to the contemporaneous construction by department officials, who were called upon to act under the law and to carry its provisions into effect, especially where such construction has been long continued, as it was in this case for almost 40 years before the petition was filed. * * *

The reenacting of the drawback provision four times, without substantial change, while this method of determining what should be paid under it was being constantly employed, amounts to an implied legislative recognition and approval of the executive construction of the statute * * *; for Congress is presumed to have legislated with knowledge of such an established usage of an executive department of the government." Schweizer v. Mager (D. C.) 297 F. 334; United States v. G. Falk & Bro., 204 U. S. 143, 27 S. Ct. 191, 51 L. Ed. 411; United States v. Cerecedo Hermanos Y Compania, 209 U. S. 337, 28 S. Ct. 532, 52 L. Ed. 821.

Of course a departmental construction of a statute is not controlling on a court, but nevertheless courts give weight to the same. Red Wing Malting Co. v. Willcuts (C. C. A.) 15 F.(2d) 626, 49 A. L. R. 459; United States v. Hill, 120 U. S. 169, 7 S. Ct. 510, 30 L. Ed. 627; Jacobs v. Prichard, 223 U. S. 200, 32 S. Ct. 289, 56 L. Ed. 405.

In the case of Washington Loan & Trust Co. v. Commissioner, 13 B. T. A. 575, the Board of Tax Appeals in passing on section 209 of the Revenue Act of 1924 held that a fiduciary filing a return for the estate of an individual is not entitled to the earned income credit provided by section 209 with respect to an income not in excess of $5,000. We are forced to the conclusion that the learned trial court was in error in not sustaining the demurrer of appellant to the petition of appellee, and the judgment is reversed and the case remanded for further proceedings in harmony with this opinion.

Reversed and remanded.