[No. 35807. Department One. June 8, 1961.]

THE STATE OF WASHINGTON, *Appellant*, v. CARL A. KRISTOFFERSON, *Respondent*.*

*Charles O. Carroll* and *August F. Hahn*, for appellant.

*Alva C. Long*, for respondent.

OTT, J.—July 13, 1959, Carl A. Kristofferson, a resident of the state of Washington, was convicted of a traffic violation. As part of the penalty imposed, his Washington driver's license was suspended for a period of sixty days, "and thereafter until reinstated."

*Reported in 362 P. (2d) 596.

July 28, 1959, Kristofferson moved to California and established legal domicile. After residing in California for more than ninety days, and not having driven a motor vehicle in either Washington or California during that period of time, Kristofferson applied for and obtained a California motor vehicle operator's license.

April 2, 1960, Kristofferson returned to Washington for a short visit. While driving in King county, he was arrested and charged with operating a motor vehicle while his operator's license was suspended, in violation of the provisions of RCW 46.20.350. Although it was conceded at the trial that Kristofferson was not a resident of the state of Washington, and that he had in his possession a valid operator's license issued by his home state, as provided by RCW 46.20.080, he was convicted in justice court of violation of RCW 46.20.350.

He appealed to the Superior Court for King County. The superior court ordered the case dismissed because Kristofferson was a bona fide resident of California and, by virtue of his valid motor vehicle operator's license issued by the state of his residence, he could lawfully operate a motor vehicle in this state under the provisions of RCW 46.20.080. The state has appealed.

The appellant's four assignments of error raise but one question: Did the trial court correctly construe the statutes here involved?

RCW 46.20.350 provides in part:

"A person whose vehicle operator's license has been suspended, revoked, or canceled, and who operates a motor vehicle upon the public highways of this state while such license is suspended . . . shall be guilty of a gross misdemeanor . . ."

RCW 46.20.080 provides in part:

"A nonresident over the age of sixteen years who has been duly licensed as an operator under a law requiring the licensing of operators in his home state or country and who has in his immediate possession a valid vehicle operator's license issued to him in his home state or country shall be permitted without examination or a vehicle opera-

tor's license of this state to operate a motor vehicle upon the highways of this state. . . . "

RCW 46.04.580 provides:

" 'Suspend,' in all its forms, means invalidation for any period less than one calendar year and thereafter until reinstatement."

Appellant contends that, inasmuch as the respondent has not had his Washington license reinstated, his privilege to operate a motor vehicle upon the highways of this state remains suspended, and that the permission granted to him as a nonresident driver under RCW 46.20.080 must yield to the express prohibition of RCW 46.20.350. We do not agree.

The legislature has granted to qualified *resident* operators a license to operate motor vehicles upon the highways of this state, and has prescribed the law by which a *resident's* license can be suspended and reinstated. The suspension of the license or privilege and its reinstatement apply only to resident operators. The legislature has granted a nonresident the privilege of operating a motor vehicle upon the highways of this state if he is over the age of sixteen years and has a valid operator's license issued in his home state. There are no other requirements for the full exercise of this privilege by a nonresident.

We construe RCW 46.20.350 as being applicable only to resident operators, and RCW 46.20.080 as applicable to nonresident operators, and, so long as respondent retains his nonresident status, there is no statutory duty to reinstate his resident license. It is a well-established rule of statutory construction that statutes dealing with the same subject matter will, if possible, be construed so as to preserve the integrity of the statutes involved. *State v. Fairbanks*, 25 Wn. (2d) 686, 171 P. (2d) 845 (1946). Applying the rule to the instant case, our construction preserves the integrity of the two statutes in question.

Appellant cites *District of Columbia v. Fred*, 281 U. S. 49, 74 L. Ed. 694, 50 S. Ct. 163 (1930), in support of its contention. The cited case is not apposite here for the reason

that the provisions of the ordinances there under consideration were not similar to the statutes here in question.

The judgment is affirmed.

FINLEY, C. J., WEAVER, ROSELLINI, and FOSTER, JJ., concur.