STATE OF NEBRASKA, APPELLEE, v. JOHN REEDER, APPELLANT.
STATE OF NEBRASKA, APPELLEE, v. JOHN REEDER, APPELLANT.
195 N. W. 2d 509

Filed March 10, 1972.   Nos. 38093, 38094.

George H. Moyer, Jr., of Moyer & Moyer, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

PER CURIAM.

The nature of this case and the essential facts are set forth in the opinions of Clinton, J., and Newton J., which follow.   Since the court is evenly divided with three votes for each opinion and one vote for reversal without concurrence in the opinion of Clinton, J., the judgment below is reversed and the cause remanded with directions to dismiss.

REVERSED AND REMANDED WITH DIRECTIONS.

SMITH, J., concurring.

State v. Smith, 181 Neb. 846, 152 N. W. 2d 16 (1967), in my opinion is distinguishable.   It implies that the 1-year period of suspension ran prior to issuance of the Missouri license to Smith.   It also implies that Smith failed to obtain an insurance policy.   Under rules of stare decisis my going behind the fact basis of the majority opinion in Smith to reexamine records or briefs would be futile.   See, County of Madison v. School District No. 2, 148 Neb. 218, 27 N. W. 2d 172 (1947); International Harvester Co. v. County of Douglas, 146 Neb. 555, 20 N. W. 2d 620 (1945).

In the present case the Colorado license was issued to Reeder subsequent to the 1-year period of suspension.

He possessed an insurance policy with coverages equal in amount to those required by the financial responsibility law. See, Laws 1959, c. 299, § 1 (10), p. 1123; former § 60-501 (10), R. R. S. 1943.

I therefore concur with the Per Curiam opinion.

CLINTON, J.

These cases were tried, briefed, and argued together, and involve identical issues. The defendant was convicted in the district court for Platte County on two separate charges of driving while his motor vehicle operator's license was under suspension. § 60-418, R. R. S. 1943. The cases were tried upon a stipulation of facts and present only a question of law.

On April 12, 1968, the defendant had been convicted of driving during suspension of his operator's license and his driving privileges and license were suspended for a period of 1 year from that date. In August 1968 the defendant moved from Butler County, Nebraska, which was then his residence, to Arapahoe County in the State of Colorado where he resided until about January 1, 1970. On about April 12, 1969, the defendant was notified by the Department of Motor Vehicles of the State of Nebraska that he was eligible to have his driver's license reinstated upon compliance with the financial responsibility laws and payment of the $25 reinstatement fee. On May 6, 1969, being then a resident of Colorado, he obtained a Colorado operator's license by passing the required examination. It was stipulated that the license which he so procured was in full force and effect on February 12, 1970, and February 20, 1970, which are the pertinent dates in these prosecutions. At the time of the issuance of the Colorado license he had been issued and there was in effect a policy of liability insurance with limits of $10,000, $20,000, and $5,000. He never paid to Nebraska any reinstatement fee nor did he attempt to procure a Nebraska motor vehicle operator's license.

When the defendant returned to Nebraska about Janu-

ary 1, 1970, he apparently stayed here continuously until the time of the offenses charged on February 12 and February 20, 1970.

The defendant was clearly guilty of a violation of section 60-410, R. S. Supp., 1969, which requires a nonresident to obtain upon a continuous residence in Nebraska for 30 days a Nebraska driver's license and limits the privilege of operating on a foreign operator's license to that 30-day period. The question is whether the defendant is under the facts guilty of violating section 60-418, R. R. S. 1943.

When the defendant procured a valid Colorado operator's license the suspension in Nebraska had expired. In State v. Smith, 181 Neb. 846, 152 N. W. 2d 16, this court under a similar set of facts affirmed the conviction of a driver, a resident of Missouri, who was temporarily driving a motor vehicle in this state and had no residence herein. I conclude that State v. Smith, *supra*, was wrongly decided and insofar as inconsistent with this opinion ought to be overruled. The prosecutor who handled these cases in the court below is not subject to any criticism for having filed what I consider to be the wrong charges because he was entitled to rely upon our opinion in State v. Smith, *supra*.

The effect of State v. Smith, *supra*, was to say that a driver whose license has been suspended or revoked in Nebraska may never again drive in Nebraska until he has procured a Nebraska license and complied with the motor vehicle financial responsibility law, even though he may have established residence elsewhere and after the period of suspension procured a valid license under the laws of the state of his residence. In summary even though he might be passing through this state as a tourist 20 years after the suspension he would still be guilty of violation of section 60-418, R. R. S. 1943. I have reexamined the pertinent Nebraska statutes and conclude they do not authorize or require such a result.

An examination of Chapter 60, article 4, R. R. S. 1943, clearly shows the statutes do not contemplate the issuance of a Nebraska license to nonresidents. § 60-403, R. R. S. 1943. It clearly contemplates that nonresidents may operate in Nebraska on their nonresident licenses until "a period of thirty days continuous residence" in this state has expired. § 60-410, R. S. Supp., 1969.

Nebraska may of course suspend a nonresident's privilege of driving in this state, § 60-422, R. R. S. 1943, and under the provisions of section 60-418, R. R. S. 1943, neither a "resident or nonresident whose operator's license or right or privilege . . . has been suspended" in Nebraska may operate under a "license, permit . . . issued by any other jurisdiction or otherwise . . . until a new license is obtained when and if permitted under this act." The only reasonable construction of this provision is to say that it contemplates as far as a nonresident is concerned issuance of a license to him in his own jurisdiction after the suspension period and which license is then valid in this state.

As already noted, I believe the statutes do not authorize or contemplate the issuance of Nebraska licenses to nonresidents until they have residence here and that residence continues or is intended to continue beyond 30 consecutive days. Statutes must be so construed if possible as to render them constitutional. If a nonresident, including a former resident of Nebraska who has become a nonresident, whose license or privilege has been suspended or revoked in Nebraska may not again drive upon the highways in Nebraska after the expiration of the suspension period until he again procures a Nebraska license, which license he cannot procure without again residing in Nebraska with the intention to stay more than 30 days, then Nebraska has in all probability placed an unreasonable burden upon interstate commerce contrary to the provisions of the Constitution of the United States. A construction of the statutes

which gives this result is not justified by the language of the statute itself.

The construction this opinion would place upon the statute conforms to the administrative interpretation placed upon it by the Department of Motor Vehicles of the State of Nebraska which is the agency charged with administering the statute. Weight should be given to the construction placed upon the statute by the department even though such construction is not controlling. Allen v. Morsman, 46 F. 2d 891; Belitz v. City of Omaha, 172 Neb. 36, 108 N. W. 2d 421.

The construction I would place upon the statute is in accord with the construction placed upon similar statutes by the Supreme Court of the State of Washington. State v. Kristofferson, 58 Wash. 2d 317, 362 P. 2d 596. It is also impliedly supported by the decision of the Supreme Court of the United States in District of Columbia v. Fred, 281 U. S. 49, 50 S. Ct. 163, 74 L. Ed. 694, where it was held that *during the period of suspension* the foreign license need not be recognized.

NEWTON, J., dissenting. WHITE, C. J., and SPENCER, J., join in this dissent.

The two cases are identical. They involve convictions for driving a motor vehicle while the operator's license of defendant was suspended.

The driver's license of defendant was suspended for the period of 1 year under the point system on April 17, 1967. On April 12, 1968, he was convicted of operating a motor vehicle while his driver's license was suspended and was placed on probation for 1 year during which time his license was again suspended. On September 5, 1969, the order of probation was revoked and he was sentenced to 30 days in jail, but the 1 year suspension of license was not reimposed.

On August 1, 1968, defendant had moved to Colorado where he resided until January 1, 1970. On April 12, 1969, defendant was notified by the Nebraska Department of Motor Vehicles that he was eligible for rein-

statement of his Nebraska driver's license upon complying with the financial responsibility law and paying the required fee. The Nebraska license was never reinstated but on May 6, 1969, defendant applied for and obtained a license in Colorado. He then obtained insurance of a nature to satisfy the financial responsibility requirements of both states. In the Colorado application, he stated his driving privilege was not then under suspension. The pending complaints are for driving on February 12 and 20, 1970, more than 30 days after his return to Nebraska.

Defendant contends that being a resident of Colorado, he was not eligible to receive a Nebraska license and that Nebraska must give full faith and credit to the Colorado law and license.

Section 60-430, R. R. S. 1943, provides: "* * * any person convicted of operating a motor vehicle in violation of any order of suspension or revocation of * * * license * * *, or after such suspension or revocation *and before reinstatement of the license or issuance of a new one,* shall be punished, * * *." (Emphasis supplied.)

Section 60-418, R. R. S. 1943, provides: "Any resident or nonresident whose operator's license or right or privilege to operate a motor vehicle in this state has been suspended or revoked as provided in this act, shall not operate a motor vehicle in this state under a license, permit or registration certificate issued by any other jurisdiction or otherwise during such suspension or after such revocation until a new license is obtained *when and if permitted under this act."* (Emphasis supplied.)

Section 60-526, R. R. S. 1943, provides that an operator's license may not be reinstated until proof of financial responsibility is given.

Section 60-531, R. R. S. 1943, provides a means whereby proof of financial responsibility may be given by a nonresident.

Section 60-422, R. R. S. 1943, provides for the sus-

pension of a nonresident operator's license on violation
of Nebraska laws and section 60-557, R. R. S. 1943,
makes it unlawful for a nonresident to drive in this
state if his license has been suspended or revoked. Sec-
tion 60-527, R. R. S. 1943, provides that when a nonresi-
dent's license is suspended or revoked, it shall *remain
so* until proof of financial responsibility is given.

Section 60-410, R. S. Supp., 1969, provides a nonresi-
dent may operate a motor vehicle in this state without
a Nebraska operator's permit for a period not exceeding
30 days continuous residence, but if he "be convicted by
any court within the state of violating any of the laws
of this state relating to motor vehicles or the operation
thereof, he shall immediately thereafter be subject to and
required to comply with all the provisions of this act
relating to the registration of motor vehicles owned by
residents of this state and the licensing of operators of
motor vehicles."

Section 60-505.02, R. R. S. 1943, requires the pay-
ment of a fee of $25 as a precedent to reinstatement of
an operator's license or to obtaining a new one.

Defendant was a resident of Nebraska when his license
was suspended. During the period of suspension, he
became a resident of Colorado and after expiration of
the period of suspension obtained a Colorado license.
He again became a resident of Nebraska and had been
such more than 30 days before arrest on the pending
charges. He did not apply for a Nebraska license and
did not comply with the Nebraska requirements per-
taining to a showing of financial responsibility and pay-
ment of a fee necessary to secure a reinstatement of his
license or a new license. Section 60-527, R. R. S. 1943,
provides that under such circumstances his license shall
remain suspended. It is clear that after 30 days resi-
dence in Nebraska, any right he may have had to ope-
rate under a foreign license had expired and to get a
Nebraska license he had to comply with these provi-
sions. Not having done so, and his Nebraska license

remaining suspended, he was obviously guilty of driving under a suspended license.

Defendant contends he could not, while a nonresident, obtain a new Nebraska license. The contention is without merit. There is no statute of Nebraska prohibiting the issuance of a license to a nonresident or making residency a requirement to obtaining a license. He could have at any time paid the required fee and complied with section 60-531, R. R. S. 1943, pertaining to a showing of financial responsibility. A nonresident who violates the laws of Nebraska while driving in Nebraska is subject to the same penalties, including license suspension, as a resident. The statutes specifically provide for the restoration of a nonresident's suspended or revoked license and he cannot again drive in Nebraska until he has fully complied by furnishing a showing of financial responsibility and paying the required fee. Why should a person who leaves and then returns to Nebraska be favored over both permanent residents and nonresidents? We do not believe the law intends or provides for such favoritism.

Defendant argues that his convictions are in violation of Article IV, Constitution of the United States, requiring each state to give full faith and credit to the acts of other states. We are unable to follow this argument. Defendant obtained a Colorado license by misrepresentation. He denied that his Nebraska license was then suspended. His privilege of driving on a foreign license had expired. Most important, however, is the fact he was driving in Nebraska and thereby became subject to the laws of Nebraska. These laws treat residents and nonresidents exactly alike in regard to the suspension and reinstatement of drivers' licenses. Operation of motor vehicles in Nebraska is exclusively a Nebraska concern in regard to which other states have no voice. It is a subject upon which Nebraska, and Nebraska alone, is competent to legislate. "The full faith and credit clause does not require a State to substitute for its own

statute, applicable to persons and events within it, the conflicting statute of another State, even though that statute is of controlling force in the courts of the State of its enactment with respect to the same persons and events * * *." Pacific Employers Ins. Co. v. Industrial Accident Comm., 306 U. S. 493, 59 S. Ct. 629, 83 L. Ed. 940.

The full faith and credit provision of the federal Constitution may not be used to compel one state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate. State Farm Mut. Auto. Ins. Co. v. Duel, 324 U. S. 154, 65 S. Ct. 573, 89 L. Ed. 812.

This case is analogous to State v. Smith, 181 Neb. 846, 152 N. W. 2d 16, wherein we held: "The right to operate a motor vehicle after suspension or revocation is not restored by mere lapse of time. The right to operate thereafter depends upon the receipt of a new license.

"Under section 60-525, R. S. Supp., 1965, a license to operate a motor vehicle remains suspended and revoked until the operator has complied with the financial responsibility laws of this state and has secured a new license as permitted under the motor vehicle laws of this state. * * *

"A resident or nonresident whose operator's license or privilege to operate a motor vehicle in this state has been suspended or revoked cannot evade compliance with the statutes of this state by the expedient of securing a license in another state or jurisdiction."

In District of Columbia v. Fred, 281 U. S. 49, 50 S. Ct. 163, 74 L. Ed. 694, under similar circumstances it was held that the defendant, who had moved out of the District of Columbia to Virginia, after suspension of his driver's license in the District, and had obtained a Virginia license, was still subject to arrest and conviction in the District for driving under a suspended license during the term of suspension. Of similar import is State v. Harkness, 189 Kan. 581, 370 P. 2d 100. See, also,

7 Am. Jur. 2d, Automobiles and Highway Traffic, § 104, p. 671, and § 127, p. 687.

The statutes of Nebraska clearly require an affirmance of this case. It is possible that the Legislature would prefer a limitation of the violation, as regards nonresidents with out-of-state operators' licenses, to the original period of suspension fixed, but that is a legislative matter and any change by this court constitutes judicial legislation.

The judgments of the district court should be affirmed.