[No. 1206-3.    Division Three.    March 28, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. LARRY A. DALTON, *Appellant*.

*Dennis W. Morgan* and *Edward G. Cross*, for appellant.

*Richard W. Miller, Prosecuting Attorney*, for respondent.

McINTURFF, C.J.—ISSUE: Can a nonresident whose Washington driver's license was suspended legally drive in this state without first acquiring a valid Washington license? We answer in the negative.

This action concerns the charge of "driving while license suspended" under RCW 46.20.420.[1] In July 1971 the defendant's Washington driver's license was suspended by the Department of Motor Vehicles and had not been reinstated when a second order of suspension occurred on July 30, 1973, after the defendant had forfeited $500 bail on charges of reckless driving and driving while license suspended.

In October 1972 defendant reentered the military and was stationed in Texas for about 15 months, where he acquired a Texas driver's license. The trial court found that defendant became a domiciliary of Texas during his stay there. After leaving the military in the fall of 1973 the defendant worked 5 months in Oregon, returning to Washington in March 1973 to look for work. On March 23, 1973, defendant was cited for driving in this state while his Washington driver's license was suspended. He was found guilty and fined $43 plus costs of $32.[2]

The defendant was charged and convicted under RCW 46.20.420, which provides in part:

> Any resident or nonresident whose driver's license . . . has been suspended or revoked as provided in this title shall not operate a motor vehicle in this state under a license . . . during such suspension . . . until a new license is obtained . . .

Defendant contends that he should be exempt from the

---

[1] RCW 46.20.420 provides:

"Any resident or nonresident whose driver's license or right or privilege to operate a motor vehicle in this state has been suspended or revoked as provided in this title shall not operate a motor vehicle in this state under a license, permit or registration certificate issued by any other jurisdiction or otherwise during such suspension or after such revocation until a new license is obtained when and as permitted under this chapter."

[2] We note that RCW 46.20.342(1) provides for a penalty of not less than 10 days imprisonment.

licensing requirements of RCW 46.20 because RCW 46.20.025(2)[3] exempts from licensing requirements a person who is a nonresident, at least 16 years of age, and who has in his immediate possession a valid driver's license issued to him in his home state.

In construing statutes the court must keep in mind legislative policy and attempt to give effect to that purpose.[4] The purpose of RCW 46.20 is to prevent the "habitually reckless or negligent from operating their vehicles on the public highways."[5] Statutes dealing with the same subject matter, if possible, will be construed to preserve their integrity[6] and the overall legislative purpose even though a literal interpretation of the statutes would force one to reach a contrary conclusion.[7]

If this court were to accept the construction of RCW 46.20.025(2) suggested by defendant, legislative policy would be thwarted in that a habitually negligent, nonresident driver with a suspended Washington driver's license could continue to drive on the highways of this state with immunity. We hold that RCW 46.20.025(2) does not contemplate exempting a person from licensing requirements where that person, even though a nonresident, has had his Washington driver's license suspended or revoked.

Defendant argues that RCW 46.20.420 should be construed in conjunction with RCW 46.20.342(1)[8] and *State v.*

---

[3] RCW 46.20.025(2) provides:

"A nonresident who is at least sixteen years of age and who has in his immediate possession a valid driver's license issued to him in his home state;"

[4] *Greenwood v. State Bd. for Community College Educ.*, 82 Wn.2d 667, 513 P.2d 57 (1973).

[5] *State v. Scheffel*, 82 Wn.2d 872, 514 P.2d 1052 (1973), *appeal dismissed*, 416 U.S. 964, 40 L. Ed. 2d 554, 94 S. Ct. 1984 (1974).

[6] *State v. Kristofferson*, 58 Wn.2d 317, 362 P.2d 596 (1961).

[7] *In re Estates of Donnelly*, 81 Wn.2d 430, 436-37, 502 P.2d 1163 (1962).

[8] RCW 46.20.342(1) provides:

"Any person who drives a motor vehicle on any public highway of this state at a time when his privilege so to do is suspended or revoked or when his policy of insurance or bond, when required under this

*Kristofferson,* 58 Wn.2d 317, 362 P.2d 596 (1961), which interpreted the word "person" in RCW 46.20.350,[9] in light of RCW 46.20.080,[10] to mean that only a resident's license to drive could be suspended. In *Kristofferson* the court did not consider RCW 46.20.420 which was enacted after RCW 46.20.342.[11] RCW 46.20.420 prohibits *both* residents and nonresidents whose Washington license has been suspended or revoked from operating a motor vehicle in this state under a license issued by another state. It is a logical deduction that the addition of the category "nonresident" to the statute concerning who may not drive in this state when his driver's license has been suspended in Washington was aimed at a person such as defendant. Otherwise a Washington resident with a suspended license could move just across the state border, acquire a license in a foreign state, and travel into Washington with immunity from our licensing statutes. We therefore hold that *State v. Kristofferson, supra,* is not applicable to the instant case.

■ Defendant argues that he was denied equal protection of the law because as a nonresident he is not required to pay the $10 reinstatement fee and provide proof of financial responsibility pursuant to RCW 46.20.311(1). Even if we were to accept this argument defendant has no standing to assert a violation of equal protection as he could not be affected by the application of the statute. *Ketcham v. King County Medical Serv.,* 81 Wn.2d 565, 591, 502 P.2d 1197 (1972).

---

chapter, shall have been canceled or terminated, shall be guilty of a misdemeanor. Upon the first conviction therefor, he shall be punished by imprisonment for not less than ten days nor more than six months. Upon the second such conviction therefor, he shall be punished by imprisonment for not less than ninety days nor more than one year. Upon the third such conviction therefor, he shall be punished by imprisonment for one year. There may also be imposed in connection with each such conviction a fine of not more than five hundred dollars."

[9]RCW 46.20.350 was a predecessor to RCW 46.20.342.

[10]RCW 46.20.080 was a predecessor to RCW 46.20.025(2).

[11]RCW 46.20.420 became effective on the day the *Kristofferson* case was filed.

Defendant finally contends that he could not be penalized under RCW 46.20.342(1) since it was interpreted in *Kristofferson* to apply only to residents. We disagree. The *Kristofferson* court made its decision concerning the application of this statute at a time when RCW 46.20.420 was not in effect. RCW 46.20.420 necessitates that the term "person" as used in RCW 46.20.342(1) apply equally to residents and nonresidents. Therefore the holding in *Kristofferson* is not applicable. We hold that the penalty provision in RCW 46.20.342(1) is applicable.[12]

Judgment of the trial court is affirmed.

GREEN and MUNSON, JJ., concur.

---

[12]Also, the general penalty provisions of RCW 46.64.050 are available.