STATE OF NEBRASKA, APPELLANT, V. DON RAY WORKMAN, APPELLEE.

446 N.W.2d 16

Filed September 22, 1989. No. 89-114.

Charles W. Campbell, York County Attorney, for appellant.

Don Ray Workman, pro se.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

This is a proceeding under Neb. Rev. Stat. § 29-2319(3) (Reissue 1985) to review the order of the district court affirming the judgment of the county court dismissing the charge against the defendant for driving while his operator's license had been suspended.

The record shows that the defendant, Don Ray Workman, was stopped in York County, Nebraska, on June 25, 1988, while he was driving a truck owned by Roadrunner Freight of Milwaukee, Wisconsin, at 78 miles per hour in a 65-mile-per-hour zone. After being stopped, the defendant produced a New Mexico driver's license that had been issued on March 10, 1986. In checking the defendant's driving record, the patrolman learned that the defendant's Nebraska driver's license had been suspended in January 1986. Although when stopped the defendant was operating a Roadrunner truck, his medical and examination certificates indicated that he had been employed by a Nebraska trucking company as late as October 1987.

The abstract of the defendant's driving record shows that his Nebraska license was suspended on April 9, 1986, for insurance cancellation, and on April 16, 1986, for driving while under suspension. The April 9 suspension was for an indefinite period—until reinstated, and the April 16 suspension was for a period of 365 days from the date of his release from custody.

The defendant's Nebraska license had been revoked under the point system on April 19, 1985. On June 27, 1985, he was arrested in Nebraska for driving under suspension. The defendant testified that his license was suspended by a conviction in county court on or about September 18, 1985, for driving while his license was suspended. He appealed that conviction, but the judgment was affirmed by the district court, and his license was suspended by the judgment of the district court entered on April 16, 1986. Since his license was suspended, the defendant allowed his automobile insurance to expire, and an order of suspension for failure to maintain proof of financial responsibility was entered on April 9, 1986. The defendant did nothing thereafter to reinstate his Nebraska license, and he had no automobile insurance at the time he was arrested on June 25, 1988, except the coverage provided by his

employer, which was applicable while he was operating the employer's truck.

The State argues that the defendant's New Mexico license did not authorize him to drive in Nebraska because it was issued before the two periods of suspension in Nebraska had expired.

Neb. Rev. Stat. § 60-418 (Reissue 1988) provides:

> Any resident *or nonresident* whose operator's license or right or privilege to operate a motor vehicle in this state has been suspended or revoked as provided in this act, shall not operate a motor vehicle in this State under a license, permit or registration certificate issued by any other jurisdiction or otherwise during such suspension or after such revocation until a new license is obtained when and if permitted under this act . . . .

(Emphasis supplied.)

Apparently, the county court relied upon *State v. Reeder*, 188 Neb. 121, 195 N.W.2d 509 (1972), as the basis for finding the defendant not guilty.

The *Reeder* case involved a conviction for driving while the defendant's Nebraska operator's license was suspended. The defendant had moved to Colorado and obtained a Colorado license after the suspension period in Nebraska had expired. In this case, the defendant obtained his New Mexico license *before* the period of suspension in Nebraska had expired. Thus, the decision in the *Reeder* case is not applicable to the facts in this case.

Under § 60-418, the New Mexico license which had been issued during the periods of suspension, one of which is still in force, did not authorize the defendant to drive in Nebraska. Consequently, the order of the county court finding the defendant not guilty and the judgment of the district court affirming the order of the county court were erroneous.

EXCEPTION SUSTAINED.