## DISTRICT OF COLUMBIA *v*. FRED.

No. 229.   Argued January 24, 1930.—Decided February 24, 1930.

*Mr. Richmond B. Keech*, Assistant Corporation Counsel, District of Columbia, with whom *Messrs. William W. Bride*, Corporation Counsel, and *Edward W. Thomas*, Assistant Corporation Counsel, were on the brief, for petitioner.

*Mr. S. McComas Hawken* for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

Respondent was convicted in the police court of the District of Columbia of the offense of operating a motor vehicle in the District during the unexpired period of his operator's permit after it had been revoked.   § 13 (d) of the Traffic Acts of the District of Columbia, Act of March

3, 1925, as amended by Act of July 3, 1926. C. 443, 43 Stat. 1119; c. 739, 44 Stat., Pt. 2, 812. The Court of Appeals of the District, on writ of error, set aside the conviction. 33 F. (2d) 375. This Court granted certiorari May 27, 1929, to review its judgment.

Section 13 (d) provides: "Any individual found guilty of operating a motor vehicle in the District during the period for which his operator's permit is revoked or suspended, or for which his right to operate is suspended under this Act, shall, for each such offense, be fined not less than $100 nor more than $500, or imprisoned not less than thirty days nor more than one year, or both." The facts, proved at the trial, showed an unquestioned violation of this section by respondent unless, as contended, his possession of a Virginia operator's permit or license, aided by the reciprocity provisions of the District Traffic Acts, exempts him from its operation.

Following the revocation of his District of Columbia permit, respondent, who was then a resident of the District, took up his residence in Virginia and procured from that state a motor vehicle registration card and automobile license tags, authorizing him to operate his motor car in Virginia. The alleged violation of § 13 (d) occurred while his Virginia registration license was in force and while respondent was temporarily in the District, driving his automobile equipped with the Virginia license tags.

By § 7, all persons operating motor cars within the District are required to have an operator's permit, which permit, under § 13 (a), may be suspended or revoked by the Director of Traffic for cause. By § 7 (e) operation of a motor vehicle without a permit is punishable by fine of " not more than $500 or imprisonment for not more than six months, or both." But by § 8 (a) the requirement of an operator's permit is dispensed with in favor of non-residents who have procured a permit or license

from a state granting like exemptions to residents of the District, as has the State of Virginia. The language of the exemption is: "shall be exempt from compliance with § 7 and with provisions of law or regulations requiring the registration of motor vehicles or the display of identification tags in the District."

The court below, in setting aside the conviction, rested its decision on the ground that this provision "expressly relieves the non-resident owner or operator of a motor vehicle, who has complied with the laws of his state respecting registration and operators' licenses, from either registering his vehicle here or obtaining a local operator's permit, provided only that similar privileges are extended to residents of the District in that state." But respondent was not charged with violation of § 7, which forbids operating without a license, or of any provision or regulation requiring the registration of motor vehicles, which are the only offenses exempted under § 8. He was charged with a different offense, under § 13 (d),—that of operating a vehicle within a specified time after the revocation of his permit, for which a different penalty is provided than for violations of § 7. It is significant that the exemption clause in § 8 (a) specifically refers to § 7 but makes no mention of § 13 (d).

If the clause were ambiguous or there were any room for construing it, examination of the whole Act makes evident its general purpose not to extend to non-residents any reciprocal privilege beyond relieving them from the necessity of procuring a District operator's license and complying with provisions for the registration of their vehicles, and that all other requirements of the Act and penalties for non-compliance were left in full force and effect. By § 13 (c) the right to operate a car in the District under the license or permit of a state may be suspended; and operation of the car in the District during the period of suspension is punishable under § 13 (d).

It cannot be supposed that any distinction was intended to be drawn between the consequences of operating a car within the District by one whose right to operate under a foreign license had been suspended and one whose right to operate under a District license had been revoked or suspended. We can find nothing in the sections cited or the Traffic Acts as a whole to suggest that there is.

*Reversed.*