**DISTRICT OF COLUMBIA v. MONUMEN-
TAL MOTOR TOURS, Inc., et al.**

**No. 7782.**

United States Court of Appeals for the
District of Columbia.

Argued April 8, 1941.

Decided May 19, 1941.

Lloyd B. Harrison, of Washington, D.
C. (Richmond B. Keech, Vernon E. West,
and John O'Dea, all of Washington, D. C.,
on the brief), for plaintiff in error.

Lawrence Koenigsberger, of Washing-
ton, D. C. (Morris Simon and Eugene
Young, both of Washington, D. C., on the
brief), and Erwin I. Ulman, of Baltimore,
Md., pro hac vice, by special leave of
court, for defendants in error.

Before GRONER, Chief Justice and
VINSON and EDGERTON, Associate
Justices.

EDGERTON, Associate Justice.

Defendants are a bus driver and the
Maryland corporation which employs him.
The corporation carries passengers for
hire, by motor bus, on sightseeing tours
from Baltimore to the District of Columbia
and other places. These tours operate
over irregular routes. Passengers are
discharged at various "points of interest"
or at hotels, within the District, and re-
loaded to visit other points of interest in
and out of the District. Some tours spend
several days here. The corporation keeps
no office or agent here, and solicits no
business here. It complies with the li-
censing laws of Maryland, and is au-
thorized by the Interstate Commerce Com-
mission to engage in interstate business.
On May 1, 1940, its driver, defendant
Graff, in one of its buses, brought some
thirty passengers from Baltimore to the
District by way of Annapolis. It had

agreed, for hire, to take them on a sightseeing tour, discharge them and pick them up at various points in the District, and return them to Baltimore. The driver was arrested at a hotel in the District while he was waiting for passengers in the hotel to resume their trip.

Defendants were prosecuted under this statute: "Owners of passenger vehicles for hire having a seating capacity of eight passengers or more, in addition to the driver or operator, * * * shall pay a license tax of $100 per annum for each vehicle used. No such vehicle shall be operated unless there shall be conspicuously displayed therein a license issued under the terms of this subparagraph."[1] The corporation had not obtained the license or paid the tax. Defendants moved to quash the information on three grounds; that the statute could not constitutionally be applied to them, that they were exempted by reciprocity, and that they were not engaged in business in the District. The court sustained the motion. We think this was error.

■ The statute, as presently applied to defendants, does not interfere with interstate operation, but only with operation from point to point within the District. Moreover, Congress "may exercise * * * within the District * * * the power granted by the commerce clause."[2] The reciprocity provision in the Traffic Act[3] exempts certain foreign vehicle owners and drivers, including these defendants, from the requirements of a District driver's permit and District vehicle registration, but it has no other effect.[4] Compliance with the Traffic Act exempts no one, resident or nonresident, from the license tax involved here. When defendants carry passengers for hire from point to point within the District it may be said, if that be material, that they "engage in * * * business"[5] here. But that appears to be immaterial, since they "operated" here, for hire, a vehicle of the sort described in Par. 31(c), quoted above, without paying the tax and obtaining the license required by that paragraph. It is not restricted to those who "engage in business."

It "is phrased in terms of licensing vehicles —individual, specific conveyances. * * * The statute requires, in respect of bus transportation, the licensing of vehicles rather than uses or businesses."[6]

Reversed.

---

[1] Act of July 1, 1932, 47 Stat. 555, Par. 31(c), as amended, 53 Stat. 1046, D.C. Code, Supp. V, Tit. 20, § 1731(c).

[2] Neild v. District of Columbia, 71 App. D.C. 306, 311, 110 F.2d 246, 251.

[3] 43 Stat. 1123, § 8(a), D.C.Code, Tit. 6, § 245(a).

[4] District of Columbia v. Fred, 281 U.S. 49, 50 S.Ct. 163, 74 L.Ed. 694.

[5] 47 Stat. 550, Par. 1, D.C.Code, Supp. V, Tit. 20, § 1701.

[6] Capital Transit Co. v. District of Columbia, 66 App.D.C. 351, 353, 355, 87 F. 2d 748, 750.