[No. 30968. Department One. September 27, 1949.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES S. MARKLEY, *Appellant*.[1]

*H. E. Foster*, for appellant.

*Charles O. Carroll* and *K. G. Smiles*, for respondent.

GRADY, J.—The appellant, Charles S. Markley, was tried and convicted of the offense of operating a motor vehicle while his operator's license was under suspension. The statute defining the offense is Rem. Rev. Stat., Vol. 7A, § 6312-69 [P.P.C. § 289-53], which reads as follows:

"Any person whose vehicle operator's license has been suspended, revoked or cancelled, and who shall operate any motor vehicle upon the public highways of this state while such license is suspended, revoked or cancelled, shall be guilty of a gross misdemeanor . . ."

In order to obtain a conviction of this offense, the state must prove to the satisfaction of the jury beyond a

[1]Reported in 210 P. (2d) 139.

reasonable doubt that a license had been issued to operate a motor vehicle and that appellant had operated such vehicle on a public highway while such license was suspended, revoked, or canceled.

The respondent called as a witness an official of the department of licenses of the state of Washington, who produced and identified an operator's license, numbered 251985, purporting to have been issued to a person named therein as "Chas. Markley, 1412 Summit, Seattle, Washington." The license was issued September 12, 1941. The offense charged was alleged to have been committed July 7, 1948.

The witness testified that the license was in suspense at that time and had never been renewed. The witness had no testimonial knowledge that the appellant, Charles S. Markley, then on trial, was the individual to whom the license he had produced had been issued. There was no evidence, either direct or circumstantial, submitted to the jury which in any way connected the appellant with the suspended license other than the near identity of names. The remainder of the evidence related to the driving of a motor vehicle by appellant upon a public highway in the city of Seattle. The appellant did not testify.

We are of the opinion that it must be decided as a matter of law that the respondent wholly failed to prove essential elements of the offense charged, and that the trial court should have withdrawn the case from the jury and dismissed the action.

The judgment is reversed, and the cause remanded with instructions to enter an order of dismissal.

SIMPSON, C. J., BEALS, SCHWELLENBACH, and DONWORTH, JJ., concur.