## Commonwealth v. Manganaro

*Nickolas Piazza,* for appellant.

*Howard R. Berninger,* District Attorney, for Commonwealth.

KREISHER, P. J., October 18, 1963.—The above-captioned defendant was issued a Pennsylvania motor vehicle operator's license at age 16 while living with his parents in Berwick, this county, in 1955. At age 18, he enlisted in the Navy for four years and was discharged in April of 1962. In 1960, while stationed in California, he purchased an automobile and registered it in that State. He returned to Berwick with said car in May of 1962, and, after a few weeks' stay, he went to New York, returning to Berwick about August 1st. On January 7, 1963, he returned to California, and February 2nd, he renewed his California car registration and was issued a California operator's license.

He returned to Berwick in March, and on April 3rd he was arrested by a member of the State Police on the charge of operating in violation of section 601 of The Vehicle Code of April 29, 1959, P. L. 58, which provides:

"No person, except those expressly exempted, under this act shall operate any motor vehicle or tractor upon

a highway in this Commonwealth, unless such person has been licensed as an operator or a learner by the department under the provisions of this act . . ."

On the same date, the same officer lodged an information charging defendant with a violation of section 401(a) of said code, which provides, inter alia:

"Except as is hereinafter provided, no motor vehicle, tractor, trailer or semi-trailer shall be operated upon any highway in this Commonwealth until such vehicle or tractor shall have been properly registered with the department as hereinafter provided, and the registration plate or plates that have been issued for the vehicle or tractor for the current year are received and displayed as required by this act, and no such vehicle shall be registered until a certificate of title has been obtained therefor."

A hearing on both charges was held on April 11th, and the justice of the peace adjudged defendant guilty and imposed the penalty provided both charges being summary convictions. Defendant filed bond and appealed both cases. Thereupon, the officer charged defendant with the violation of section 624(6) of said code, which makes it a misdemeanor "To operate any motor vehicle or tractor upon the highways of this Commonwealth after the operating privilege is suspended or revoked and before such operating privilege has been reinstated".

Defendant posted bond and the case was returned to court. On the date fixed by the court to hear testimony on the summary appeals, counsel for defendant agreed in writing that defendant waives his right to trial by jury and that the misdemeanor case also be disposed of by the court without a jury.

The testimony has been transcribed and filed, and all three matters are now before us for disposition.

In addition to the facts set forth above, it appears that defendant was involved in a Pennsylvania acci-

dent in August of 1962, and that the Pennsylvania Department of Revenue, Bureau of Highway Safety in November 1962, suspended defendant's Pennsylvania operator's license and notified him by letter sent to his California address that his license was suspended until proof of a physical examination be furnished the bureau. Defendant denies receiving said notice, and claims he had no knowledge of it on April 2, 1963. Sometime thereafter, he took the examination, and his license was reinstated on April 9th. Defendant was employed for two weeks in Berwick during the fall of 1962; the remainder of the time he was unemployed. He also made one trip to Florida to visit his children and estranged wife following his discharge from the Navy. Defendant testified that when he returned to California in January of 1963, he intended to make his home there, and he returned to Berwick in March at his mother's request and only as a visit. The Commonwealth concedes defendant's car was properly registered in California and that he had a valid California operator's license on the date of his arrest.

From the foregoing record it is clear that the first charge under section 601 and the third charge under section 624 (6) cannot both be sustained, because section 601 contemplates a summary conviction of one driving who had never been issued a license or fails to renew his license after expiration, while section 624 (6) makes it a misdemeanor to drive while the privilege is suspended or revoked. These are two entirely different factual situations and they cannot coexist; therefore, we are bound to conclude the appeal of the first charge under section 601 must be sustained. Commonwealth v. Monk, 49 Dauph. 120, is authority for the proposition that a driver who never had a license must be charged under section 601, and not under section 624 (6).

This leaves us with the two remaining charges of whether defendant was required to have Pennsylvania

registration plates and whether or not he was guilty of driving during a period of suspension, even though he had a valid foreign license.

The answer to the first remaining charge turns upon the inquiry as to whether defendant was a resident or nonresident of Pennsylvania as defined in The Vehicle Code. Section 102 of The Vehicle Code defines "Resident" as "Any person who has a regular place of abode or business in the Commonwealth for a period of more than thirty (30) consecutive days in the year, except as otherwise provided in sections 410 and 603."

Section 410 provides that nonresidents are exempt from the registration provisions of the code, ". . . for the same time and to the same extent as like exemptions are granted residents of this Commonwealth under the laws of the foreign country or state of such nonresidents . . ."

Section 603 provides similar reciprocal exemption to nonresidents in regard to the operator's license provisions of The Vehicle Code.

In regard to the summary conviction charge of driving a car not properly registered, we conclude from the facts of the case, as applied to the above-quoted law, that the appeal must be denied.

Defendant testified he returned from California sometime "during the first part of February, 1963". At this time his "place of abode" was the home of his mother in Berwick, this county, as he returned at her request that "he come home and live with her." Under these circumstances, even conceding he was a nonresident when he returned, he became a resident 30 days thereafter. He was not arrested until April 2d, and by this time should have had a Pennsylvania registration.

Finally, in regard to the charge of driving during a period of suspension, we are bound to conclude defendant is guilty. In the case of Commonwealth v. Trages-

ser, 61 D. & C. 219, defendant had his Pennsylvania operator's license revoked. He conducted his business in Maryland. He was arrested in Columbia, Pa., while operating a car bearing Maryland tags with a Maryland operator's license. His conviction for driving during a period of suspension or revocation was sustained. The opinion of the court states:

"In Commonwealth v. DeFillippo, 18 Wash. Co. 171, defendant's license was revoked in Pennsylvania. Later he moved to Ohio and obtained Ohio registration plates and an Ohio operator's license. He was apprehended while driving in Pennsylvania temporarily on business. His conviction was upheld. In District of Columbia v. Fred, 281 U. S. 49, 50 S. Ct. 163, defendant, after the revocation of his District of Columbia operator's license or permit, became a bona fide resident of Virginia and thereafter regularly obtained a Virginia registration card and license tags. Mr. Justice Stone, in delivering the opinion of the Supreme Court of the United States, held that defendant was subject to arrest and conviction for driving his motor vehicle while temporarily in the District of Columbia during the period for which his operator's permit had been revoked."

Operation of a motor vehicle upon our highways is a privilege, not a right.

Driving during the period of suspension is prohibited and extenuating circumstances cannot be considered in determining whether or not the law was violated: Commonwealth v. Ungar, 190 Pa. Superior Ct. 43.

We are not unmindful of defendant's service to his country, but it seems to us he had plenty of time to take affirmative steps to have his privilege reinstated. We are not convinced defendant received no notice of the suspension; we are more inclined to believe he neglected to act because he improperly relied upon his foreign licenses.

### Order of Court

And now, to wit October 18, 1963, the appeal filed in the case to March sessions, 1963, no. 22, is sustained. Defendant is adjudged not guilty, and the costs are placed upon the County of Columbia.

The appeal filed in the case to March sessions, 1963, no. 23, is denied and the district attorney shall notify defendant to appear in open court for sentence on November 18, 1963, at 10 a.m. unless, in the meantime, said defendant shall pay the costs of prosecution and a fine of $10 to the Commonwealth of Pennsylvania.

In the case filed to March sessions, 1963, no. 24, we adjudge defendant guilty and direct the district attorney to notify defendant to appear in open court for sentence, unless, in the meantime, said defendant shall have paid the costs of prosecution and a fine of $100 to the Commonwealth of Pennsylvania.