[No. 291-1.    Division One—Panel 2.    July 27, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. S. T. SLACK, JR., *Appellant*.

*Bovy, Graham, Cohen & Wampold,* and *Thomas S. Wampold,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *Albert A. Rinaldi, Jr., Deputy,* for respondent.

WILLIAMS, J.—Defendant, S. T. Slack, Jr., was charged with the crimes of robbery and taking a motor vehicle without the permission of the owner. Judgment of guilty as

to both counts was entered on the verdict of a jury. Defendant appeals.

The state introduced substantial evidence at the trial from which the jury could learn of the following events: On June 1, 1969, appellant engaged a taxicab in the city of Seattle. During the course of the ride, appellant placed a knife at the driver's throat, took some money from him, and drove off, leaving the driver in the street. Shortly thereafter a young couple picked up the driver and they commenced to search for appellant. He was found walking near the scene of the robbery. The taxi driver jumped out of the car and held appellant at gunpoint. Appellant protested so vehemently that the neighbors were aroused. The young couple and at least one of the neighbors called the police.

When two police officers arrived, the driver and the appellant were each accusing the other of gross misconduct. They were separated a short distance. One officer questioned appellant while the other officer questioned the driver. Appellant said he had just been walking when this unknown man had approached him with a gun.

The taxi was later located in the vicinity. Appellant was eventually arrested and placed in jail. He was there photographed, fingerprinted, and a description sheet made out. While in custody, he was also visited by a detective who advised him of his right to counsel. The testimony of the detective on this point was:

> I advised him that he had the right to remain silent, he had the right to have an attorney present of his choice *at or during any time* he should make any statement orally or written. That if he could not afford an attorney of his own one would be appointed him by the State.

(Italics ours.)

Appellant thereupon told the officer that he was walking when the man jumped out of the car and pointed a gun at him and stated, "you know what I want." Appellant said he then threw some money on the ground. This statement and that made at the scene on the street were not consistent

with the discovery of appellant's left thumbprint on the taxi. He assigns error to the admission of the statements and to the evidence concerning the thumbprint.

■ The first statement, made at the scene, was not preceded by the warning required by *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966). It is clear that the police at that time were investigating the disturbance caused by the driver and appellant. Certainly it was their duty to investigate the complaint appellant was making against the taxi driver. During this investigation, and before the police officers had probable cause to believe appellant had committed a crime, the Miranda warnings were not required. *State v. Berkins,* 2 Wn. App. 910, 471 P.2d 131 (1970).

■■ The second statement, made in custody, was inadmissible because appellant was not advised that he had a right to counsel, either his own or appointed, prior to interrogation. *State v. Creach,* 77 Wn.2d 194, 461 P.2d 329 (1969); *State v. Vining,* 2 Wn. App. 802, 472 P.2d 564 (1970). However, it is clear that the second statement was repetitive of the first and added nothing to the information which appellant had previously given to the police. We are satisfied from a review of the entire record that its admission did not affect the result of the trial and was harmless error beyond a reasonable doubt. *State v. Johnson,* 71 Wn.2d 239, 427 P.2d 705 (1967); *State v. Prater,* 1 Wn. App. 342, 461 P.2d 357 (1969).

Appellant's objection to the fingerprint evidence developed in this way: when he was admitted to jail, a file card was prepared which contained his name, photograph, fingerprints, and pertinent information. A print was taken from the taxicab which corresponded with the left thumbprint on the file card. Sometime during the period in which appellant was in jail, a police fingerprint expert took a set of appellant's fingerprints on a card which was to be used as an exhibit at the trial. Both he and appellant initialed this card exhibit. The left thumbprint on the card exhibit was identical with the print taken from the taxicab and appel-

lant's file card. At the trial, the expert could not recognize appellant as the person from whom he had taken the prints which were on the card exhibit. Appellant therefore asserts that there was no proven connection running from the print on the taxicab through the card to appellant, and relies upon *State v. Markley,* 34 Wn.2d 766, 210 P.2d 139 (1949), in support of this argument.

■ In *Markley,* the Supreme Court held that a name alone was not sufficient to connect defendant with an administrative act by a state department concerning an operator's license taken 7 years before. The case before us is clearly distinguishable, in that the fingerprint witness referred to the file card which contained appellant's name, photograph, and fingerprints. The card exhibit was offered in evidence rather than the file card because the latter had objectional material on it. The witness, however, had the file card with him and identified appellant both from his name and the photograph. Since the left thumb print on the file card, the card exhibit and the taxi print were identical, the connection was made. The proof required of fingerprints is the same as any other evidence. *State v. Johnson,* 194 Wash. 438, 78 P.2d 561 (1938). If the jury chose to believe the evidence as to the fingerprints, it could properly find that one of the prints found on the taxicab was of the left thumb of appellant.

Affirmed.

HOROWITZ, A. C. J., and UTTER, J., concur.

Petition for rehearing denied September 28, 1970.

Review denied by Supreme Court October 7, 1970.