Merrimack District Court
No. 7762

THE STATE OF NEW HAMPSHIRE

v.

LOUISE C. FRENCH

October 17, 1977

*David H. Souter,* attorney general, and *James L. Kruse,* assistant attorney general (*Mr. Kruse* orally), for the state.

*Robert W. Gardner, Jr.,* of Merrimack, by brief and orally, for the defendant.

PER CURIAM. The defendant was charged with operating a motor vehicle after her operating privileges had been revoked, contrary to RSA 262:27-b (Supp. 1975). The defendant moved to dismiss the complaint on the grounds that RSA 262:27-b (Supp. 1975) only proscribes the operation of a motor vehicle in this state after the defendant's *license* to operate has been suspended or revoked and does not proscribe operation of a motor vehicle in this state after the defendant's *operating privileges* have been suspended or revoked. The state objected to the motion and the Trial Court (*Morrill,* J.) transferred the issue without ruling thereon and prior to the commencement of trial.

On August 19, 1976, the defendant, a resident of the State of New York, and in possession of a valid New York motor vehicle operator's license, was convicted in the Nashua District Court for driving while under the influence of intoxicating liquor. The court ordered revocation of her right to operate a motor vehicle in New Hampshire for 90 days. In addition, the New Hampshire Department of Safety ordered defendant's operating privileges revoked for 90 days for refusal to submit to a test under the implied consent law. RSA 262-A:69-e (Supp. 1975).

On November 8, 1976, 81 days after the defendant was convicted in the Nashua District Court, she was stopped by Officer George Rousseau of the Merrimack Police Department while she was operating a motor vehicle on Joppa Road, a public way in the town of Merrimack, and a complaint charging a violation of RSA 262:27-b (Supp. 1975) was issued. At the time that the defendant was stopped and the complaint issued defendant still had in her possession a duly issued and valid license from the State of New York.

RSA 262:27-b (Supp. 1975) reads as follows: "*Operating After Revocation or Suspension.* Any person convicted of operating a

motor vehicle in this state after his license to operate has been suspended or revoked shall be guilty of a misdemeanor." RSA 261:17, :18 and :19 afford to nonresidents the privilege of driving in this state without obtaining a New Hampshire license provided they have a valid license from another state. We must decide whether RSA 262:27-b (Supp. 1975) penalizes driving in this state after suspension of one's nonresident operating privileges as well as after suspension of one's license. In doing so we are not unmindful of the fact that the statute is not to be construed strictly but rather according to the fair import of its terms and to promote justice. RSA 625:3, :7.

The conduct proscribed by RSA 262:27-b (Supp. 1975) is explicit, driving "after [defendant's] *license* to operate has been suspended or revoked . . ." (emphasis added). No mention is made of driving after revocation or suspension of a nonresident operating privilege. In other sections of the title pertaining to motor vehicles the legislature has recognized the distinction between a resident's license and nonresident's operating privilege. RSA 262:39-a; RSA 262-A:64; RSA 262-A:69-e (Supp. 1975) (refusal to submit to chemical test after arrest for driving while intoxicated will result in revocation of the operator's "license to drive or nonresident operating privilege. . . ."); RSA 262-A:69-f, -h and -m. Although we can find no basis in reason why the legislature would seek to prohibit residents from driving after revocation or suspension of their licenses while not proscribing the same activity by nonresidents who drive after revocation or suspension of their operating privileges, this does not authorize us to broaden the statute beyond the fair import of its language and to extend it to situations not covered by the words used. *State v. Cutting,* 114 N.H. 200, 202, 317 A.2d 553, 554 (1974); *see State v. Albers,* 113 N.H. 132, 133–34, 303 A.2d 197, 199 (1973).

Most states have statutes worded to proscribe driving after one's "license, or driving privilege as a nonresident", or "right to operate", or "privilege so to do" has been suspended or revoked, thus encompassing both driving after revocation of a license and driving after revocation of a nonresident operating privilege. *E.g.,* Uniform Vehicle Code § 6-303 (1968); Ill. Ann. Stat. ch. 95½, § 6-303 (Smith-Hurd); Mass. Gen. Laws Ann. ch. 90 § 23 (West); Mich. Comp. Laws Ann. § 257.317; Mo. Ann. Stat. 302.321 (Vernon); N.J. Stat. Ann. § 39:3-40 (West); Vt. Stat. Ann. tit. 23, § 674; *see* E. Fisher & R. Reeder, Vehicle Traffic Law 239 (2d ed.

1974). Other states have statutes similar to RSA 262:27-b (Supp. 1975), proscribing only driving after suspension or revocation of one's license, but have an additional provision, unlike New Hampshire, defining license to include "[a]ny nonresident operating privilege. . . ." Uniform Vehicle Code § 1-128 (1968). *Compare id. with* RSA 264-A:1 III (Supp. 1975). Our legislature may draft a statute similar or identical to the ones above in order to cover cases like the one before us. The judiciary may not. E. Crawford, The Construction of Statutes 19–20 (1940).

Where the state's statute proscribed driving after revocation of one's "right to operate" in the state, the courts have held that the defendant may be convicted of driving after revocation even though he possessed a valid out-of-state license at the time he was stopped and charged therefore. *District of Columbia v. Fred*, 281 U.S. 49 (1930); *Rickard v. District of Columbia*, 214 A.2d 476 (D.C. App. 1965); *State v. Roy*, 23 Conn. Supp. 26, 176 A.2d 66 (1961); *see State v. Newborn*, 11 N.C. App. 292, 181 S.E.2d 214 (1971). On the other hand, where the statute merely proscribed operating a vehicle in the state after revocation or suspension of one's "license", as does RSA 262:27-b (Supp. 1975), the courts have held that the defendant could not be convicted of violating this statute where he had a valid out-of-state license at the time he was stopped. *State v. Reeder*, 188 Neb. 121, 195 N.W.2d 509 (1972); *State v. Kristofferson*, 58 W.2d 317, 362 P.2d 596 (1961); *see Bryant v. State*, 294 S.W.2d 819 (Tex. Cr. App. 1956); *State v. Markley*, 34 Wash. 2d 766, 210 P.2d 139 (1949).

Defendant's nonresident operating privileges were effectively revoked after her conviction for driving while under the influence of intoxicating liquor. RSA 262-A:64; RSA 262-A:69-e (Supp. 1975); *see* RSA 260:43. Without either a New Hampshire license or nonresident operating privilege, defendant was driving without the authority so to do when she was stopped by Officer Rousseau. We hold only that the defendant has not violated the provisions of RSA 262:27-b (Supp. 1975), without considering other sections of the motor vehicle title defendant may have violated. *See* RSA 261:1; RSA 261:13; RSA 262:28 (Supp. 1975).

*Defendant's exceptions sustained; case remanded.*