Probate Court Hillsborough County
No. 78-059

## *In re* MARION B. HITCHCOCK

September 18, 1978

*Hatfield and Henderson,* of Hillsborough (*Lloyd N. Henderson* orally), for the Executrix.

*Arthur O. Gormley,* of Nashua, by brief and orally, for James Hitchcock.

DOUGLAS, J.    This case involves the resolution of a transferred question of law certified by the Probate Judge, *Copadis,* J., pursuant to RSA 547:30. The question reads:

> Is irreconcilable differences under New Hampshire RSA 458:7-a sufficient cause for divorce to enable a testatrix to exclude her surviving spouse from any interest in her estate under the provisions of New Hampshire RSA 560:19?

After several years of marriage Marion and James Hitchcock separated by agreement on June 5, 1974. A year later James moved to New York. In 1976, Marion prepared a will making no bequest to James "whether or not we are legally married at the time of my death." In July 1976, she filed a libel for divorce alleging irreconcilable differences in accordance with RSA 458:7-a. Permanent stipulations were prepared and executed by the parties and filed in superior court on September 20, 1976. Marion died three weeks later, before a divorce hearing could be held. James claimed his statutory share in Marion's estate as her surviving spouse under RSA 560:10. Relying on RSA 560:19, the executrix filed a petition requesting that the court determine that James had no interest in Marion's estate.

RSA 560:19 provides:

> Effect of Cause for Divorce. If, at the time of the death of either husband or wife, the decedent was justifiably living

apart from the surviving husband or wife because such survivor was or had been guilty of conduct which constitutes cause for divorce, such guilty survivor shall not be entitled to any interest or portion in the real or personal estate of said decedent, except such as may be given to such survivor by the will of the deceased.

We note that another forfeiture statute, RSA 560:18, is inapplicable in this case because it concerns willful abandonment and neglect for three years preceding death. *See Foote v. Nickerson*, 70 N.H. 496, 48 A. 1088 (1900). Despite the clear focus of RSA 560:19 on the entitlement of "guilty" survivors, the executrix asserts that the legislature meant to exclude any interest of a surviving spouse so long as any ground for divorce existed, whether or not that ground had to do with the survivor's guilty conduct. We disagree. In addition to the thirteen fault-oriented grounds for divorce contained in RSA 458:7, the legislature created the ground of irreconcilable differences in 1971. RSA 458:7-a. *See generally* Anderson, *New Hampshire's Divorce Reform Act of 1971*, 13 N.H.B.J. 158 (1972). That provision as applicable to this case speaks of the ground of "irreconcilable differences which have caused the irremediable breakdown" of the marriage "*irrespective of the fault* of either party" and that "evidence of specific acts of misconduct shall be improper and inadmissible" (emphasis added). The title of the bill stated its intent to eliminate "the fault concept of divorce." N.H.S. Jour. 971 (1971). *See also* RSA 458:26 II.

While it was stipulated in this case that irreconcilable differences between the parties existed, there is nothing in the record to sustain a finding of "guilt" in the sense meant by the much older provision of RSA 560:19. This court has pointed out that basically the new ground for divorce is based on the realization that both spouses probably played a role in the deterioration and dissolution of the marriage. *Rodrique v. Rodrique*, 113 N.H. 49, 300 A.2d 312 (1973). Of course, the legislature may amend RSA 560:19 to provide for forfeiture based on grounds other than "guilty conduct." It is not the task of this court to fashion such an amendment. *See State v. French*, 117 N.H. 785, 378 A.2d 1377 (1977).

The question is answered "No."

*Remanded.*

BROCK, J., did not sit; the others concurred.