**STATE of Indiana, Appellant (Plaintiff Below),**

v.

**David L. CHURCHILL, Appellee (Defendant Below).**

No. 1–1078A294.

Court of Appeals of Indiana, First District.

April 26, 1979.

Rehearing Denied May 24, 1979.

Theodore L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellant.

David Churchill pro se.

ROBERTSON, Judge.

The State's appeal raises this reserved question of law under IC 35–1–47–2:

"Whether an Indiana driver whose license is suspended by the Commissioner of Motor Vehicles and who establishes residence in another state and obtains a valid driver's license in such state may, under the provisions of IC 9–1–4–27(8), drive on public highways in Indiana while said suspension order is in effect [presumably pursuant to IC 9–2–1–5(c)] without being guilty of driving while his license is suspended [IC 9–1–4–52]."

The record in this cause reveals that on February 28, 1975, Churchill's Indiana driver's license was suspended for one year for driving under the influence. In lieu of reviving his Indiana license, Churchill moved to and resided in Colorado for approximately three years during which time he obtained a valid Colorado operator's license. Thereafter, on March 7, 1978, an Indiana state trooper had occasion to check Churchill's license status and discovered the 1975 suspension. Churchill was subsequently charged with driving while suspended pur-

suant to IC 9–1–4–52,[1] which provides in part:

> Any person whose license or permit issued under the provisions of this act has been suspended or revoked as provided by law, and who shall drive any motor vehicle upon the public highways while such license or permit is suspended or revoked, shall be guilty of a misdemeanor.

Upon trial to the court, Churchill was found not guilty, apparently by reason of the valid Colorado operator's license and IC 9–1–4–27(8), which provides in part:

> The following persons are exempt from license hereunder:
>
> .    .    .    .    .
>
> 8.   Any new resident of this state who possesses an unexpired driving license issued by his former state of residence, for a period of sixty (60) days after becoming a resident of this state.

Churchill's testimony at trial was to the effect that he had been in Indiana for two or three weeks at the time the ticket was issued.

On appeal, the State essentially contends that, notwithstanding the Colorado license, Churchill's "license remained suspended in Indiana until he terminated the suspension by filing proof of financial responsibility," pursuant to IC 9–2–1–5(c). The line of cases upon which the State relies for this proposition, however, was distinguished by the New Hampshire Supreme Court in *State v. French*, N.H., 378 A.2d 1377 (1977) —a decision which we find more persuasive—and which declares:

> Where the state's statute proscribed driving after revocation of one's "right to operate" in the state, the courts have held that the defendant may be convicted of driving after revocation even though he possessed a valid out-of-state license at the time he was stopped and charged therefore. [sic] *District of Columbia v. Fred*, 281 U.S. 49, 50 S.Ct. 163, 74 L.Ed. 694 (1930); *Rickard v. District of Columbia*, 214 A.2d 476 (D.C.App.1965); *State v. Roy*, 23 Conn.Sup. 26, 176 A.2d 66

(1961); *see State v. Newborn*, 11 N.C. App. 292, 181 S.E.2d 214 (1971). On the other hand, where the statute merely proscribed operating a vehicle in the state after revocation or suspension of one's "license", as does RSA 262:27–b (Supp. 1975), the courts have held that the defendant could not be convicted of violating this statute where he had a valid out-of-state license at the time he was stopped. *State v. Reeder*, 188 Neb. 121, 195 N.W.2d 509 (1972); *State v. Kristofferson*, 58 Wash.2d 317, 362 P.2d 596 (1961); *see Bryant v. State*, 163 Tex.Cr.R. 544, 294 S.W.2d 819 (1956); *State v. Markley*, 34 Wash.2d 766, 210 P.2d 139 (1949).

378 A.2d at 1379.

Our statute, like the one involved in *French*, proscribes operation of a motor vehicle by one whose *license*—and not one's *privilege*—has been suspended or revoked. Or stated differently, IC 9–1–4–52 does not purport to extend its prohibition to a case like the present where the defendant has complied with one of the provisions of IC 9–1–4–27. Absent, therefore, an express legislative directive, these statutes must be construed to give effect to both. *N. Y. Central RR. Co. v. Public Service Comm. of Indiana*, (1958) 237 Ind. 544, 147 N.E.2d 547; *Combs v. Cook*, (1958) 238 Ind. 392, 151 N.E.2d 144.

The distinction drawn in *French* is applicable here. Thus, the trial court's decision finding Churchill not guilty of driving while suspended was within the framework of the statutes as we read them.

Appeal denied.

LYBROOK, P. J., and LOWDERMILK, J., concur.

---

1. IC 9–1–4–52 was amended by Acts 1978, P.L. 2, SEC. 909.