PEOPLE v GLANTZ

CITY OF OAK PARK v GLANTZ

Docket No. 58049. Submitted October 5, 1982, at Lansing.—Decided April 5, 1983.

Defendant, Steven Jay Glantz, was convicted by a jury in district court of operating a motor vehicle while his operator's license was suspended. Defendant was sentenced to a term of three days in jail and a $100 fine for the violation of an Oak Park city ordinance regarding operating a motor vehicle while the operator's license is suspended. Defendant appealed to the Oakland Circuit Court, which affirmed, Richard D. Kuhn, J. Defendant appeals from the circuit court's affirmance by leave granted. *Held:*

1. Defendant's collateral attack on the validity of the suspension of his driver's license is improper. If defendant believed that his license was improperly suspended, his action should have been to petition for a hearing in circuit court for an order modifying or setting aside the suspension.

2. Defendant's rights and privileges to operate a vehicle on Michigan roads were suspended when his Michigan driver's license was suspended. Defendant's possession of a valid Texas driver's license has no bearing on his conviction under the city ordinance. The out-of-state license does not restore defendant's privilege to drive on Michigan roads. The statute regarding persons exempt from licensing, MCL 257.302(3), cannot be used as a back door means of obtaining restoration of a suspended Michigan driver's license.

3. There was no error in defendant's sentence. Defendant did not attack the constitutionality of the punishment provisions of the city ordinance. The proper procedure was for defendant to attack the constitutionality of the ordinance rather than the sentence imposed within the limits of the ordinance.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 7A Am Jur 2d, Automobiles and Highway Traffic § 148.
[2] 7A Am Jur 2d, Automobiles and Highway Traffic § 107.
[4] 20 Am Jur 2d, Courts §§ 112, 115, 117.
[5] 21 Am Jur 2d, Criminal Law §§ 625, 626.

1. AUTOMOBILES — DRIVER'S LICENSES — SUSPENSION OF LICENSES —
   APPEAL.

   A collateral attack on the validity of the suspension of a driver's
   license is improper in a case where the defendant is charged
   with driving while his license is suspended; a defendant who
   believes that his license was improperly suspended should
   petition for a hearing in circuit court for an order modifying or
   setting aside the suspension (MCL 257.323; MSA 9.2023).

2. AUTOMOBILES — DRIVER'S LICENSES — SUSPENSION OF LICENSES —
   NONRESIDENT LICENSES.

   A nonresident who has received an operator's license in his home
   state and has such license in his possession is exempt from
   Michigan's licensing requirements; the statute to that effect
   does not prevent a defendant from being convicted of operating
   a motor vehicle while his Michigan operator's license is sus-
   pended regardless of the fact that the defendant had a valid
   out-of-state license in his possession when he was arrested for
   operating a motor vehicle while his license was suspended
   (MCL 257.302[3]; MSA 9.2002[3]).

3. AUTOMOBILES — DRIVER'S LICENSES — SUSPENSION OF LICENSES —
   NONRESIDENT LICENSES.

   A defendant's rights and privileges to operate a vehicle on
   Michigan roads is suspended when the defendant's driver's
   license is suspended; the defendant's possession of a valid out-
   of-state license does not restore his privilege to drive on Michi-
   gan roads while his Michigan license is suspended (MCL 257.66;
   MSA 9.1866).

4. APPEAL — SENTENCING — COURT OF APPEALS.

   The Court of Appeals has no supervisory control over the punish-
   ment that shall be inflicted by a lower court where the punish-
   ment is within the applicable statutory limits.

5. CONSTITUTIONAL LAW — CRUEL AND UNUSUAL PUNISHMENT —
   SENTENCING.

   The proper procedure is to attack the constitutionality of the
   statute itself rather than a sentence imposed within the limits
   of the statute where a party contends that a statute provides
   for punishment thought to be cruel and unusual.

*Shifman & Goodman, P.C.* (by *John A. Carlson),*
for the people.

*Gabriel Glantz,* for defendant on appeal.

Before: BEASLEY, P.J., and M. J. KELLY and W. S. WHITE,* JJ.

M. J. KELLY, J. Defendant was convicted by a jury in district court of operating a motor vehicle while his license was suspended, in violation of Oak Park Ordinance § 40-20. Defendant was sentenced to a term of three days in jail and a $100 fine. Defendant appealed to the Oakland County Circuit Court, which affirmed. Defendant appeals to this Court by leave granted.

Defendant's first argument is a collateral attack on the validity of the suspension of his license. He argues that no evidence was introduced at trial that the court which authorized suspension of his license and the Secretary of State complied with the notice provisions of MCL 257.321a; MSA 9.2021(1). A collateral attack on the validity of the suspension of a driver's license in a case where the defendant is charged with driving while his license is suspended is improper. See *People v Jankins,* 353 Mich 481; 92 NW2d 56 (1958). If defendant believed that his license was improperly suspended, his action should have been to petition for a hearing in circuit court for an order modifying or setting aside the suspension. See generally MCL 257.323; MSA 9.2023.

Defendant argues next that he cannot be convicted of operating a motor vehicle while his Michigan operator's license was suspended because he was in possession of a valid Texas operator's license at the time of his arrest. Defendant asserts that, pursuant to MCL 257.302(3); MSA 9.2002(3), he was exempt from needing a Michigan license.

MCL 257.302(3); MSA 9.2002(3) provides that a nonresident who has received an operator's license

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in his home state and has such license in his possession is exempt from Michigan's licensing requirements. Faced with a question similar to that raised by defendant, the appellate division of the Connecticut Superior Court reasoned:

"The defendant in this case was not convicted of a failure to comply with our licensing requirements as set forth in § 14-36 but rather of a separate and distinct offense carrying separate and distinct penalties, namely, operating a motor vehicle while his right to operate remained under suspension. When a motor vehicle operator's license is suspended, it means not only that his right to operate under that license is under suspension during the licensing year, unless reinstated, but also that the privilege to be a licensed operator is suspended during the period of suspension prescribed by the statutes or properly designated by the commissioner. *State v Verville,* 16 Conn Supp 178, 179 (1949). The defendant's status as a Connecticut driver whose license to operate a motor vehicle in Connecticut has been suspended remains unchanged, even though he may have removed to the commonwealth of Massachusetts and there received an operator's license.

"The reciprocal benefits of § 14-39 are available to the defendant as they are to any driver duly licensed in another state having a reciprocal agreement with this state; that is, he stands in all respects as though he held a Connecticut license and is entitled to the rights and privileges of a Connecticut operator. *Shea v Corbett,* 97 Conn 141, 147; 115 A 694 (1921). Thus Donald J. Roy, Massachusetts operator, by virtue of § 14-39 is entitled to the rights and privileges accorded to Donald J. Roy, Connecticut operator, a person whose right to operate a motor vehicle in Connecticut has been suspended. Equivalent right does not mean additional right, and the provisions of § 14-39 were not intended to be, and cannot be, used as a back door means of obtaining restoration of a suspended license.

"One who operates a car in a state while his right to operate remains under suspension may be convicted of operating in violation of a statute which makes it an

offense to operate a car within a specified time after the revocation of his permit, even though he has in the meantime moved to another state and has there procured a motor vehicle operator's permit and automobile license tags and, while temporarily in the state of his former residence, has driven his automobile on which there were such tags. *Dist of Columbia v Fred,* 281 US 49, 51; 50 S Ct 163; 74 L Ed 694 (1930). And this is true notwithstanding that the state of his former residence dispensed with the requirements of an operator's license in favor of a nonresident who has procured a permit or license from a state granting like exemption to residents of the former state. *Ibid.;* see *State v Rosner,* 50 RI 33; 144 A 772 (1929)." *State v Roy,* 23 Conn Supp 26, 28-30; 176 A2d 66 (1961).

We agree. Accord, *State v Dalton,* 13 Wash App 94; 533 P2d 864 (1975); *Hicks v Dist of Columbia,* 217 A2d 309 (DC App, 1966); *State v Harkness,* 189 Kan 581; 370 P2d 100 (1962). In the instant case, defendant's rights and privileges to operate a vehicle on Michigan roads were suspended when his license was suspended. See MCL 257.66; MSA 9.1866. An out-of-state license does not restore defendant's privilege to drive on Michigan roads. Defendant's possession of a Texas driver's license has no bearing on his conviction under the Oak Park ordinance of operating a motor vehicle while his Michigan license was suspended.

Defendant argues also that his sentence was unduly harsh. When a punishment is within the applicable statutory limits, this Court has no supervisory control over the punishment that shall be inflicted. *Cummins v People,* 42 Mich 142; 3 NW 305 (1879). See also *People v Coles,* 412 Mich 917; 317 NW2d 189 (1982) (granting leave on the question of whether *Cummins* should be overruled). When a statute provides for punishment thought to be cruel and/or unusual, the proper

procedure is to attack the constitutionality of the statute itself rather than a sentence imposed within the limits of the statute. *E.g., United States v Dawson,* 400 F2d 194, 200 (CA 2, 1968), *cert den* 393 US 1023; 89 S Ct 632; 21 L Ed 2d 567 (1969). No attack has been made on the constitutionality of the punishment provisions of the Oak Park ordinance. We find no error.

The remaining arguments raised by defendant are merely repetitious and without merit.

Affirmed.