**Thomas E. MAGEE, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 71A03–8709–CR–258.

Court of Appeals of Indiana, Third District.

May 23, 1988.

Kenneth M. Hays, South Bend, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

Thomas E. Magee appeals from his convictions of driving while suspended and reckless driving after a bench trial in St. Joseph Superior Court. The facts of this case, as taken most favorably to the verdict, are as follows: On the night of October 21, 1986, Corporal Joseph Farkas of the South Bend Police Department observed Magee driving his motorcycle at a speed in excess of 60 miles per hour in a posted speed limit zone of 20 miles per hour. Corporal Farkas also observed Magee failing to come to a complete stop at two stop signs and popping a wheelie for 20 feet. After Corporal Farkas pulled over Magee, Magee produced a valid Michigan driver's license, but a computer check of Magee's status in Indiana revealed that Magee's Indiana driver's license had been suspended in November of 1983.

Magee presents two issues for appellate review:

(1) whether there was sufficient evidence to support the conviction for driving while suspended; and

(2) whether there was sufficient evidence to support the conviction for reckless driving.

Magee first argues here that his valid Michigan driver's license permitted him to drive a motor vehicle in Indiana regardless of the 1983 suspension of his Indiana driver's license. As support for this argument, Magee relies on IND.CODE § 9-1-4-27(3) (1982 Ed.), which provides that the following persons are allowed to drive a motor vehicle in Indiana even if they do not possess a valid Indiana driver's license:

"3. A nonresident who is at least sixteen (16) years and one (1) month of age, and has in his immediate possession a valid operator's license, issued to him in his home state or country, while operating a motor vehicle in this state only as an operator[.]"

Magee also relies upon this Court's decision in *State v. Churchill* (1979), 180 Ind. App. 349, 388 N.E.2d 586, where it was held that an Indiana driver whose Indiana license had been suspended for one year but later obtained a valid Colorado driver's license could drive on Indiana highways three years after his suspension without being guilty of driving while his license was suspended. The *Churchill* decision relied on the language of IND.CODE § 9-1-4-52 (1977) as it read then:

"Any person whose license or permit issued under the provisions of this act has been suspended or revoked as provided by law, and who shall drive any motor vehicle upon the public highways while such license or permit is suspended or revoked, shall be guilty of a misdemeanor."

The *Churchill* court reasoned that the prohibitions of this version of IND.CODE § 9-1-4-52 did not extend to drivers with valid out-of-state drivers' licenses because the statute applies only to those drivers whose *license* to drive in Indiana—as opposed to their *privilege* to drive in Indiana—had been suspended or revoked. 180 Ind.App. at 351, 388 N.E.2d at 587.

The *Churchill* decision does not directly apply to Magee's situation, however, because IND.CODE § 9-1-4-52 was amended in 1985 to proscribe drivers whose license or "driving privilege" had been suspended or revoked from driving on Indiana highways. *See*, IND.CODE § 9-1-4-52 (1987

Supp.). *See also, Heying v. State* (1987), Ind.App., 515 N.E.2d 1125, 1128. Thus the appropriate query for this Court in reviewing Magee's conviction for driving while suspended is whether or not Magee's Indiana driving privileges were suspended as of October 21, 1986.

■ The record of proceedings reveals that Magee's license was suspended in November of 1983 under the version of IND. CODE § 9–2–1–6 (1982 Ed.) which was in effect at that time and which explicitly allowed the Commissioner of the Bureau of Motor Vehicles to suspend licenses for an indefinite period of time:

"Failure to satisfy judgment

Sec. 6. Proof required on judgments. (a) The Commissioner shall also suspend the operator's or chauffeur's license and any and all of the registration certificates and registration plates issued to any person upon receiving authenticated report as hereinafter provided that such person has failed for a period of thirty (30) days to satisfy any judgment in amounts and upon a cause of action as herein stated.

(b) The judgment herein referred to shall mean any judgment in excess of one hundred dollars ($100) for damages because of injury to or destruction of property, including the loss of use thereof, or any judgment for damages, including damages for care and loss of services, because of bodily injury to or death of any person arising out of the use of any motor vehicle upon a public highway, excepting a judgment obtained by a member of the judgment debtor's family, or by guest occupant.

Magee argues that since IND.CODE § 9–2–1–6 was amended in 1985 to limit suspensions for failure to pay judgments to a period of two years or less, *see* IND. CODE § 9–2–1–6 (1987 Supp.), his license should not have been considered suspended after November of 1985, which was two years from the date of his suspension under the old version of IND.CODE § 9–2–1–6. This argument is unsupported: it is a well-settled rule of statutory construction that statutes, including amend-atory acts and criminal sentencing statutes, are construed prospectively rather than retroactively unless the statute in question expressly provides otherwise. *Shelton v. State* (1979), 181 Ind.App. 50, 55, 390 N.E. 2d 1048, 1051; and *McGill v. Muddy Fork of Silver Creek Watershed* (1977), 175 Ind. App. 48, 54, 370 N.E.2d 365, 370. Although fundamental fairness dictates that no person whose license was suspended pursuant to the old version of IND.CODE § 9–2–1–6 should be considered suspended for more than two years after the 1985 amendment went into effect, Magee was stopped less than two years after the amendment went into effect. It is also important to note that IND.CODE § 9–2–1–2(n) (1982 Ed.) defines the term "current driving license," which is employed in the amended version of IND. CODE § 9–2–1–6, as including "any privilege granted by such license." Since Magee's Indiana driving privileges were thus still suspended on October 21, 1986, his conviction for driving while suspended will not be overturned.

■ Magee's second allegation of error is that insufficient evidence was produced to support his conviction for reckless driving. The standard of review for a challenge of the sufficiency of evidence supporting a conviction is well settled: Only the evidence favorable to the State, together with reasonable inferences which may be drawn from that evidence, will be considered. If there is substantial evidence of a probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt, the conviction will be affirmed. *Jennings v. State* (1987), Ind. App., 503 N.E.2d 906, 908. The evidence favorable to the State here is Corporal Farkas' observation that Magee was driving 40 miles per hour over the speed limit, failed to come to a complete stop at two stop signs, popped a wheelie for 20 feet, and would not have been able to stop suddenly if he was required to do so. Magee also testified himself that he drove his motorcycle even though he was aware that his clutch was broken. This evidence reasonably supports the inference that Magee operated his motorcycle in a reckless manner

that endangered the safety or property of others, and thus supports Magee's conviction for reckless driving. *See*, IND.CODE § 9-4-1-56.1(1) (1987 Supp.).

There being no finding of error, both convictions are affirmed.

Affirmed.

GARRARD, P.J., and STATON, J., concur.